UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:21-cr-00340-JRS-MJD |
| | ) | |
| ENGLYSH M. MATTOX, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On January 25, 2023, the Court held a disposition hearing on the Petition for Action on

Conditions of Pretrial Release filed on January 4, 2023.  Defendant Englysh M. Mattox appeared

in person with her appointed counsel William H. Dazey, Jr.  The government appeared by

Patrick Gibson, Assistant United States Attorney.  U. S. Parole and Probation appeared by

Officer Megan M. Durbin.

The Court conducted the following procedures in accordance with Fed. R. Crim. P.

32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant of her rights and provided her with a copy of the

petition.

2.      After being placed under oath, Defendant admitted violation numbers 1, 2, 3 and

4.  [Docket No. 30.]

3.      The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

**1**

**"The defendant must not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."**

Ms. Mattox submitted to a routine urinalysis on December 15, 2022, which returned positive for fentanyl. The test was confirmed positive for fentanyl and norfentanyl by Alere Toxicology Services. As previously reported to the Court, Ms. Mattox submitted the following urinalyses that returned positive for controlled substances: October 14, 2021, cocaine, fentanyl and marijuana; November 3, 2021, marijuana and diluted; November 18, 2021, fentanyl and marijuana; February 16, 2022, fentanyl; May 23, 2022, marijuana; June 16, 2022, marijuana; and July 8, 2022, marijuana. She submitted a diluted screen on November 1, 2021.

**2**

**"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program."**

Ms. Mattox has not attended an individual treatment session with her local provider since October 25, 2022, and has not attended a group treatment session with her local provider since November 22, 2022. She has been discharged from the clinic due to withdrawing from services.

**3**

**"The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements...the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of the becoming aware of a change or expected change."**

On November 28, 2022, Ms. Mattox admitted she had moved to a different address approximately a week prior, but had not reported the address to this officer. She was reminded of her requirement to report any change of address as ordered in her conditions. Ms. Mattox was admitted into inpatient treatment on November 28, 2022. On December 15, 2022, this officer made contact with her case manager at the facility, who advised Ms. Mattox had left on her own accord on December 9, 2022. Ms. Mattox had not had any contact with this officer since leaving treatment.

4        **"The defendant must participate in a cognitive behavioral treatment program as directed by the probation officer."**

Ms. Mattox failed to attend Moral Reconation Therapy sessions on December 13, and December 20, 2022.

As previously reported to the Court, she has failed to progress through Moral Reconation Therapy due to continued non-compliance with the program's rules..

4.    The parties stipulated that:

(a)    The highest grade of violation is a Grade B violation.

(b)    Defendant's criminal history category is III.

(c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5.    The parties jointly recommended a 16 month prison sentence with no further supervision to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that her supervised release should be revoked, and that she should be sentenced to the custody of the Attorney General or her designee for a period of 16 months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 1/26/2023

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system